Pearson, C. J.
 

 ' An appeal having been prayed for, the •case falls within the principle of
 
 Sharpe
 
 v.
 
 McElwee,
 
 ante 115, “ where an appeal is prayed, and the party accounts in a satisfactory manner for his failure to prosecute it, so as to repel the inference of an intention to abandon it and acquit himself of laches, the writ of
 
 certiorari
 
 or
 
 recordari
 
 will issue, “ as , a matter of course,” in order to give him the benefit of his right of appeal.
 

 By the affidavit of Mr. Eisher, it is clearly established that it was the intention of the North Carolina Rail Road Company to contest the alleged right to recover damages. So, the inference of an intention to abandon the right of appeal, is repelled. In this connection,-the “ affidavit of merits,” which is full, though not absolutely necessary, (as an appeal was prayed) is relevant, and has a convincing effect.
 

 The question then, is, does the Rail Road Company acquit itself of laches, by the matter set out in the petition and affidavit of Mr. Eisher? In other words, does Mr. Eisher, who is the president of the company, and had notice of a claim, which he believed not to be well founded, and- was fit to be controverted by the company, acquit himself of laches, by the fact, that he gave positive instructions to Millinder, the station agent, to attend the trial before the justice and take an ap
 
 *121
 
 peal, on behalf of the company, if judgment should be rendered against it ?
 

 The petition sets forth the fact, that Millinder had the reputation “ of being a faithful and diligent agent,” and this Court is of opinion that Mr. Fisher was well warranted, in
 
 taking it for
 
 grcmted, that Millinder was aware of the fact, that it was necessary in all appeals to give security, and, consequently, he was not guilty of laches in omitting to tell Millinder, in so many words, that he must provide security for the company, in case he had to take an appeal.
 

 The fact, that Millinder, being an officer of the company, had imbibed the impression, that the North Carolina Rail Road Company was an institution of such importance, that it was not required to give security for an appeal like an ordinary individual, was a matter, which president Fisher, in the exercise of ordinary diligence, could not be expected to have anticipated.
 

 •The objection that ignorance of the law is no excuse, however applicable it may be in reference to Millinder, tends to relieve Mr. Fisher from the charge of laches. For it is based on the presumption that every one knows the law, and, therefore, he was justified in presuming that Millinder knew that it was necessary for the company to give security ; and as the law allows ten days to give security, he was also justified in presuming, that if Millinder found any difficulty in procuring security, he would be duly notified of the fact.
 

 As there was a
 
 bona fide
 
 intention to appeal, and no laches on the part of the president, the company should not, under' the circumstances, be deprived of the right. There is error. Judgment, dismissing the petition, reversed. This opinion will be certified, to the end, that the case may be transferred to the trial docket. >
 

 Per Curiam,
 

 Judgment reversed.